O

# United States District Court
# Central District of California

| | |
|---|---|
| MAYRA MANZANO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>POM MEDICAL, LLC et al.,<br><br>　　　　　Defendants. | Case № 2:25-cv-00993-ODW (SSCx)<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION TO COMPEL<br>ARBITRATION [15]** |

## I.  INTRODUCTION

Plaintiff Mayra Manzano brings this putative wage-and-hour class action against Defendants POM Medical, LLC and Stryker Employment Company, LLC (collectively, "Defendants" or "Stryker"). (Decl. Julia Y. Trankiem ISO Notice Removal Ex. A ("Compl."), Dkt. No. 3.)  Stryker moves to compel Manzano to arbitrate her individual claims, dismiss her class claims, and stay the case pending arbitration.  (Mot. Compel Arb. ("Motion" or "Mot.") 1, Dkt. No. 15.)  For the following reasons, the Court **DENIES** Stryker's Motion.[1]

## II.  BACKGROUND

On or about May 22, 2023, Manzano obtained employment with Kelly Services Global, LLC ("Kelly"), a third-party staffing agency.  (Decl. Elisa Cropper ISO Mot.

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

("Cropper Decl.") ¶¶ 9–10, Dkt. No. 15-3.)  Kelly placed Manzano with Stryker beginning on the same date, to provide "services to Stryker on a temporary basis in a manufacturing role until her temporary assignment ended on or about September 17, 2023." (Opp'n 5, Dkt. No. 18 (quoting Decl. Salah Ali ISO Mot. ("Ali Decl.") ¶ 27, Dkt. No. 15-2).)  Manzano entered into an arbitration agreement with Kelly ("Kelly Agreement"), "a short standalone document" that requires Manzano and Kelly to arbitrate covered claims that arise between Manzano and Kelly, its affiliated companies, and its clients or customers.  (Mot. 3; Ali Decl. ¶ 25, Ex. A ("Kelly Agreement") § 1, Dkt. No. 15-2.)

Effective September 18, 2023, Stryker hired Manzano to work for it directly, performing the same work and at the same location where she had previously worked through Kelly.  (Mot. 2–3; Cropper Decl. ¶¶ 11–13.)  Stryker did not present Manzano with any arbitration agreement related to her direct employment.  (*See* Opp'n 5; *see generally* Mot. (identifying no arbitration agreement other than the Kelly Agreement).)  Manzano remained a Stryker employee until February 27, 2024.  (Cropper Decl. ¶ 11.)

In July 2024, Manzano filed a representative action against Kelly and Stryker, asserting a claim under the California Private Attorney Generals Act ("PAGA") based on labor code violations during her work at Stryker between May 22, 2023, and February 27, 2024.  (Defs.' Req. Judicial Notice ("RJN") Ex. 1, Dkt. No. 15-5 (complaint in Manzano's PAGA action).[2])  After reviewing the Kelly Agreement, Manzano stipulated to arbitrate her claims against Kelly and dismissed Stryker from that suit.  (RJN Ex. 2 (order approving stipulation to arbitrate in Manzano's PAGA

---

[2] The Court **GRANTS** Stryker's request for judicial notice of the complaint and an order approving the parties' stipulation to arbitrate in Manzano's PAGA action against Kelly and Stryker, as they are court filings and a matter of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  However, as the Court reaches its conclusions without relying on Stryker's third document, it **DENIES** the remaining request. *See Migliori v. Boeing N. Am., Inc.*, 97 F. Supp. 2d 1001, 1003 n.1 (C.D. Cal. 2000) (declining to take judicial notice of exhibits that "do not affect the outcome of" the motion).

action).; Decl. Julia Y. Trankiem ISO Mot. ¶ 3, Dkt. No. 15-4.) On November 26, 2024, Manzano filed this second action against Stryker only, limiting her wage-and-hour claims to the time period during which she worked for Stryker directly— September 18, 2023, to February 27, 2024. (Compl. ¶ 2.) Stryker now moves to compel Manzano to arbitrate her claims based on the Kelly Agreement. (Mot. 1–2.)[3]

### III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") governs a contract dispute relating to an arbitration provision when that provision "has a substantial relationship to interstate commerce." *Carbajal v. CWPSC, Inc.*, 245 Cal. App. 4th 227, 234 (2016); *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273–74 (1995). When it applies, the FAA restricts a court's inquiry into compelling arbitration to two threshold questions: (1) whether there was an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008). If the answer to both questions is yes, the FAA requires the court to enforce the arbitration agreement according to its terms. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719–20 (9th Cir. 1999). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* at 719 (citation modified).

### IV. DISCUSSION

Stryker seeks to compel Manzano to arbitrate her claims against it based on the Kelly Agreement. (Mot. 1–2.) Manzano does not dispute that the Kelly Agreement is valid and enforceable as to Kelly and its clients, or that it covers wage-and-hour claims that arose during her employment with Stryker through Kelly; indeed, she has stipulated to arbitrate those claims with Kelly. (Opp'n 5.) However, Manzano contends that Stryker cannot compel her to arbitrate her claims against Stryker here because these claims are temporally independent of her employment with Kelly, and

---

[3] Stryker objects to portions of the Declaration of Nazo Koulloukian, filed in support of Manzano's opposition. (Defs.' Evid. Objs., Dkt. No. 19-2.) The Court reaches its conclusions without relying on Koulloukian's declaration. Accordingly, the Court overrules Stryker's objections as moot.

they arise solely from her direct employment with Stryker. (*Id.* at 8.) Stryker argues that it may compel Manzano to arbitrate under the Kelly Agreement either as a third-party beneficiary or under the doctrine of equitable estoppel. (Mot. 12–18.)

**A.     Third-Party Beneficiary—Express & Intended**

In California, a non-signatory may enforce an arbitration agreement against a signatory when the non-signatory is a third-party beneficiary of the agreement. *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1233 (9th Cir. 2013); *Bouton v. USAA Cas. Ins. Co.*, 167 Cal. App. 4th 412, 424 (2008). However, "[t]he mere fact that a contract results in benefits to a third party does not render that party a 'third party beneficiary'"; rather, the parties to the contract must have intended the third party would benefit. *Murphy*, 724 F.3d at 1234 (quoting *Matthau v. Superior Ct.*, 151 Cal. App. 4th 593, 602 (2007)). Stryker has not demonstrated such an intent with respect to Manzano's claims arising from her direct employment with Stryker.

Stryker claims it is an express third-party beneficiary of the Kelly Agreement, because the Kelly Agreement requires the parties to arbitrate covered claims against Kelly's "clients or customers," and Stryker is Kelly's client. (Mot. 13–14 (quoting Kelly Agreement § 1).) Stryker also argues it is an intended third-party beneficiary of the Kelly Agreement, because Kelly hired Manzano specifically to work for Stryker, making Stryker a "member of the class for whose benefit" the Kelly Agreement was made. (*Id.* at 14–15.)

The Kelly Agreement requires arbitration for covered claims that arise between Manzano and Kelly, its affiliates, and its "clients or customers." (Kelly Agreement § 1.) From May 22, 2023, to September 17, 2023, Stryker acted as Kelly's "client" when it employed Manzano through Kelly's placement service. However, Manzano's temporary employment ended on September 17, 2023, and on September 18, 2023, Stryker hired Manzano directly and ceased acting as Kelly's client for purposes of Manzano's employment. Thus, as of the date Stryker hired Manzano directly, it ended its entitlement to any express or intended benefit in the Kelly Agreement.

4

In this case, Manzano asserts claims against Stryker that arise distinctly from her direct employment with Stryker. (Compl. ¶ 2 (limiting claims to the period from September 18, 2023, through February 27, 2024).) It makes no difference that she asserts the same labor law allegations in the PAGA action as she does here. The PAGA claim against Kelly arose during her temporary employment with Kelly, to which the Kelly Agreement applied. In contrast, the wage-and-hour claims against Stryker here arise from Manzano's direct employment with Stryker, to which the Kelly Agreement does not apply. *See Hughes v. S.A.W. Ent., Ltd.*, No. 16-cv-03371-LB, 2019 WL 2060769, at *21–22, 27 (N.D. Cal. May 9, 2019) (temporally distinguishing claims that arose during period covered by arbitration agreement from the same claims to the extent they arose during period not covered by arbitration agreement); *Vaughn v. Tesla, Inc.*, 87 Cal. App. 5th 208, 219–20 (2023) (same).

Thus, Manzano's claims against Stryker here do not arise from her temporary employment with Stryker in its role as Kelly's "client" or intended beneficiary of the Kelly Agreement. Stryker, as Manzano's direct employer, is therefore not a third-party beneficiary of the Kelly Agreement.

**B.     Equitable Estoppel**

"The United States Supreme Court has held that a litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013). Because generally "only signatories to an arbitration agreement are obligated to submit to binding arbitration, equitable estoppel of third parties in this context is narrowly confined." *Murphy*, 724 F.3d at 1229.

Under California law, a party that is not otherwise subject to an arbitration agreement will be equitably estopped from avoiding arbitration only under two very specific conditions: "(1) when a signatory must rely on the terms of the written agreement in asserting its claims against the non-signatory or the claims are intimately founded in and intertwined with the underlying contract," and "(2) when the signatory

alleges substantially interdependent and concerted misconduct by the non-signatory and another signatory and the allegations of interdependent misconduct are founded in or intimately connected with the obligations of the underlying agreement." *Kramer*, 705 F.3d at 1128–29 (citation modified) (citing *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 218–19 (2009)). This rule reflects the policy that a plaintiff may not, "on the one hand, seek to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains an arbitration provision, but, on the other hand, deny arbitration's applicability because the defendant is a non-signatory." *Murphy*, 724 F.3d at 1229 (quoting *Goldman*, 173 Cal. App. 4th at 220).

Stryker argues that equitable estoppel principles apply because Manzano's "claims against Stryker are intertwined with her Kelly employment." (Mot. 17.) However, Manzano raises claims against Stryker that are temporally distinct from her Kelly employment. Prior to beginning her work as a Stryker employee on September 18, 2023, Manzano completed her temporary Kelly employment on September 17, 2023. (Cropper Decl. ¶ 10; Ali Decl. ¶ 27.) She asserts claims in this action based solely in the time period beginning with her direct Stryker employment. (Compl. ¶ 2.) Therefore, her claims against Stryker arose after she ended her employment with Kelly and they are not rooted in her Kelly employment. *See Castillo v. Alere N. Am., Inc.*, No 3:21-cv-01519-RBM-SBC, 2023 WL 4630621, at *12–13 (S.D. Cal. July 19, 2023) (finding plaintiff's claims arising from direct permanent employment with defendants were not intertwined with claims arising during temporary employment with a staffing agency).

Furthermore, Stryker ignores the requirement that Manzano must "rely on the terms of the *written agreement* in asserting" her claims or her claims must be "'intimately founded in and intertwined with' the *underlying contract*." *See Kramer*, 705 F.3d at 1128 (emphases added) (quoting *Goldman*, 173 Cal. App. 4th at 221). Here, the only contract before the Court is the Kelly Agreement—a three-page document that speaks only to the dispute resolution procedures should a dispute arise

between Kelly and Manzano. (*See generally* Kelly Agreement.) Manzano's claims are not "founded in," do not require interpretation of, and are not "intertwined with" the terms of the Kelly Agreement. *Kramer*, 705 F.3d at 1128, 1129. In California, equitable estoppel is inapplicable where a plaintiff's "allegations reveal no claim of any violation of any duty, obligation, term or condition imposed by the" agreement containing the arbitration clause. *Murphy*, 724 F.3d at 1230 (quoting *Goldman*, 173 Cal. App. 4th at 230). Therefore, equitable estoppel does not permit Stryker to enforce the Kelly Agreement here. *See Calzadillas v. Wonderful Co.*, No. 1:19-cv-00172-DAD-JLT, 2019 WL 2339783, at *7 (E.D. Cal. June 3, 2019) (declining to compel arbitration under equitable estoppel principles where plaintiff's labor violation claims did not depend on the terms of the only agreement before the court—the arbitration agreement).

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Stryker's Motion to Compel Arbitration. (Dkt. No. 15). The Court will issue a scheduling order.

**IT IS SO ORDERED.**

December 4, 2025

                                        **OTIS D. WRIGHT, II**
                                   **UNITED STATES DISTRICT JUDGE**